1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT FUENTES,

11              Plaintiff,                   No. CIV S-05-0675 FCD GGH P

12        vs.

13   MIKE KNOWLES, et al.,

14              Defendants.                  <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $9.98 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22  a complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1        Named as defendants are Mike Knowles, J. Flint, B. Joseph, G. Colemen, C.

2   Campbell, C. Mitchell, J. Turella, T. Zink and J. Arong.  Plaintiff first alleges that on February 3,

3   2004, he was assaulted by two other inmates in the "tank" at the Sacramento County Jail.

4   Plaintiff alleges that he should not have been placed in the tank with these inmates because of

5   their classification.  Plaintiff alleges that defendant Joseph, the transportation sergeant, should

6   have made sure that plaintiff was not placed in the same tank with these inmates.  The court finds

7   that the complaint states a colorable claim against defendant Joseph.

8        Plaintiff alleges that defendant Knowles is liable for this incident because, as the

9   Warden, he was responsible for plaintiff's safety.  The Civil Rights Act under which this action

10   was filed provides as follows:

11        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the

12        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at

13        law, suit in equity, or other proper proceeding for redress.

14   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

16   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

17   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

19   omits to perform an act which he is legally required to do that causes the deprivation of which

20   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

21        Moreover, supervisory personnel are generally not liable under § 1983 for the

22   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

23   defendant holds a supervisorial position, the causal link between him and the claimed

24   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

25   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

26   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

1  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
2  Cir. 1982).

3       Plaintiff is basing defendant Knowles' liability on the theory of respondeat
4  superior.  Plaintiff does not allege that defendant Knowles had any personal involvement in the
5  incident.  Accordingly, this claim against defendant Knowles is dismissed with leave to amend.

6       Plaintiff alleges that defendant Flint is liable for the incident because, as
7  defendant Joseph's supervisor, he did not ensure that defendant Joseph segregated plaintiff from
8  the other inmates.  Plaintiff does not allege that defendant Flint was present at the time that
9  defendant Joseph failed to segregate plaintiff.  Without additional information regarding
10 defendant Flint's personal involvement in the incident, the court cannot determine whether
11 plaintiff has stated a colorable claim against him.

12      Plaintiff also alleges that defendant Flint failed to train defendant Joseph.  To state
13 a "failure to train" claim, plaintiff must plead facts showing that, "in light of the duties assigned
14 to specific officers or employees, the need for more or different training is obvious, and the
15 inadequacy so likely to result in violations of constitutional rights, that the policy-makers...can
16 reasonably be said to have been deliberately indifferent to that need."  City of Canton v. Harris,
17 489 U.S. 378, 390, 109 S.Ct. 1197 (1989).   Plaintiff had plead no facts suggesting that defendant
18 Flint acted with deliberate indifference in failing to train defendant Joseph.  Accordingly, this
19 claim is dismissed.

20      Plaintiff next alleges that defendants Joseph and Colemen used excessive force.
21 These allegations state a colorable claim for relief against these defendants.

22      Plaintiff alleges that following the assault by the two inmates, he was denied
23 adequate medical care.  Plaintiff alleges that immediately following the incident defendant
24 Joseph summoned defendant Arong, a Medical Technical Assistant (MTA), who refused
25 plaintiff's request to be seen by a doctor.  Plaintiff then submitted numerous administrative
26 appeals requesting to be seen by a doctor.  On June 16, 2004, defendant Zink, a nurse, performed

1   a "medical triage" of plaintiff. She denied his request to be seen by a doctor.

2          On July 2, 2004, defendant Turella, a doctor, examined plaintiff. During the

3   exam, plaintiff was handcuffed with his hands behind his back. Plaintiff requested that he be

4   placed in a holding cage for the exam so that the handcuffs, which were causing him pain, could

5   be removed. Defendant Turella denied this request and claimed to know nothing about the attack

6   by the other inmates. At the conclusion of the exam, defendant Turella prescribed muscle

7   relaxers and ordered x-rays. On July 7, 2004, plaintiff's head, neck, back and shoulders were x-

8   rayed. He does not know the results.

9          On July 24, 2004, plaintiff filed an appeal requesting an exam by a doctor other

10  than defendant Turella. On July 28, 2004, defendant Mitchell interviewed plaintiff regarding this

11  appeal. Defendant Mitchell told plaintiff that he would be examined by Dr. Borges within the

12  next week. Dr. Borges did not examine plaintiff during the next week. On August 26, 2004,

13  defendant Mitchell told plaintiff that Dr. Borges would examine him the following week.

14          Plaintiff alleges that as a result of defendants' actions, he has suffered from

15  physical pain caused by the injuries he sustained following the attack by the two inmates in the

16  tank. Plaintiff alleges that he still suffers from pain to his back, shoulders, ankles, knees, wrists

17  and head. He alleges that he suffers from headaches, dizziness and has difficult walking or

18  moving about.

19          Plaintiff has stated colorable claims for inadequate medical care in violation of the

20  Eighth Amendment against defendants Joseph, Arong, Zink, Turella and Mitchell. Plaintiff also

21  alleges that defendants Knowles and Flint were responsible for the inadequate medical care

22  because they supervised the other defendants and were responsible for plaintiff's safety. Plaintiff

23  is basing their liability on the theory of respondeat superior. Accordingly, the inadequate medical

24  care claims against these defendants are dismissed.

25          Plaintiff alleges that defendant Campbell is liable for plaintiff's inadequate

26  medical care because he is defendant Arong's supervisor. The inadequate medical care claim

5

1   against defendant Campbell is dismissed because it is based on the theory of respondeat superior.

2       In conclusion, the complaint states a colorable Eighth Amendment claim against

3   defendant Joseph based on his failure to protect plaintiff from the two inmates who attacked him.

4   The complaint states a colorable Eighth Amendment excessive force claim against defendants

5   Joseph and Coleman.  The complaint states a colorable Eighth Amendment inadequate medical

6   care claim against defendants Joseph, Arong, Zink, Turella and Mitchell.  All other claims are

7   dismissed with leave to amend.

8       Plaintiff is informed that the court cannot refer to a prior pleading in order to

9   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

10  complaint be complete in itself without reference to any prior pleading.  This is because, as a

11  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

12  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

13  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

14  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15      Plaintiff has requested the appointment of counsel.  The United States Supreme

16  Court has ruled that district courts lack authority to require counsel to represent indigent

17  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

18  certain exceptional circumstances, the court may request the voluntary assistance of counsel

19  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

20  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

21  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

22  counsel will therefore be denied.

23      Accordingly, IT IS HEREBY ORDERED that:

24      1.  Plaintiff's request to proceed in forma pauperis is granted;

25      2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

26  Plaintiff is assessed an initial partial filing fee of $9.98.  All fees shall be collected and paid in

accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

       3.  All claims but for the claims against discussed above against defendants Joseph, Coleman, Joseph, Arong, Zink, Turella and Mitchell are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

       4.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

       5.  Plaintiff's motion for the appointment of counsel is denied.

DATED: 4/22/05

                  /s/ Gregory G. Hollows

                  _____
                  GREGORY G. HOLLOWS
                  UNITED STATES MAGISTRATE JUDGE

ggh:kj
fue675.b1