1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT FUENTES,

11              Plaintiff,              No. CIV S-05-0675 FCD GGH P

12        vs.

13   MIKE KNOWLES, et al.,

14              Defendants.              ORDER

15   _____/

16        On April 22, 2005, the court granted plaintiff thirty days to file an amended

17   complaint.  Pending before the court is the amended complaint filed May 17, 2005.

18        Named as defendants are Warden Knowles, Warden Kernan, J. Flint, B. Joseph,

19   G. Coleman, C. Mitchell, J. Turella, T. Zink and J. Arong.  Plaintiff first alleges that on February

20   3, 2004, he was attacked by two other inmates while he was held in the Sacramento County

21   Superior Court tank "A."  Plaintiff suffered four stab wounds and cuts and bruises.

22        Plaintiff alleges that he should not have been transported with these inmates

23   pursuant to prison regulations which require separation of inmates housed in the general

24   population and administrative segregation.  Plaintiff alleges that defendant Joseph, the

25   transportation sergeant, disregarded these regulations when he transported plaintiff with these

26   inmates.  Plaintiff alleges that defendant Flint, defendant Joseph's supervisor, should have

1

1   known that defendant Joseph's practice of disregarding these regulations would result in a risk to

2   plaintiff's security.  The amended complaint states a colorable claim as to defendants Flint and

3   Joseph.

4           Plaintiff alleges that defendant Knowles is liable for the attack because he was

5   responsible for the custody of all inmates under his charge.  Plaintiff alleges that defendant

6   Knowles was directly responsible for ensuring that defendants Flint and Joseph properly

7   segregated inmates.

8           The Civil Rights Act under which this action was filed provides as follows:

9           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
10          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
11          law, suit in equity, or other proper proceeding for redress.

12  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

17  omits to perform an act which he is legally required to do that causes the deprivation of which

18  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19          Moreover, supervisory personnel are generally not liable under § 1983 for the

20  actions of their employees under a theory of respondeat superior and, therefore, when a named

21  defendant holds a supervisorial position, the causal link between him and the claimed

22  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

24  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26  Cir. 1982).

1         Plaintiff is basing the liability of defendant Knowles on a theory of respondeat

2 superior.  A supervisor is liable for constitutional violations of his subordinates if the supervisor

3 participated in or directed the violations, or knew of the violations and failed to act to prevent

4 them.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that

5 defendant Knowles participated in the violations or actually knew of them.  Accordingly, the

6 court will separately recommend dismissal of defendant Knowles.

7         Plaintiff next alleges that immediately after being attacked by the inmates in the

8 holding tank, defendants Joseph and Coleman entered the cell and used excessive force against

9 him.  These allegations state a colorable claim against defendants Joseph and Coleman.

10         Plaintiff alleges that after being attacked by the inmates and suffering four stab

11 wounds, defendant Joseph summoned defendant Arong, a Medical Technical Assistant (MTA)

12 rather than a doctor.  It took defendant Arong 40-50 minutes to get to the jail from the prison in

13 Folsom.  When defendant Arong arrived, plaintiff told him that he wanted to see a doctor rather

14 than an MTA.

15         Following his return to the prison, plaintiff filed an emergency administrative

16 appeal seeking medical care.  On June 16, 2004, defendant Zink, a registered nurse, told plaintiff

17 that she was seeing plaintiff to perform a medical triage rather than responding to his appeal.

18 Defendant Zink denied plaintiff's request to see a doctor.  On June 18, 2004, plaintiff's ankles

19 and wrists were x-rayed.  On July 2, 2004, defendant Turella, a doctor, examined plaintiff.

20 During the interview, plaintiff was in shackles which caused him pain.  Defendant Turella told

21 plaintiff that he was not aware of the attack by the other inmates and prescribed muscle relaxers

22 and ordered x-rays.

23 /////

24 /////

25 /////

26 /////

1    Plaintiff filed an appeal requesting to be examined by a doctor other than

2    defendant Turella.  On July 28, 2004, defendant Mitchell responded to the appeal, telling plaintiff

3    that he would grant his request and have Doctor Borges examine plaintiff.   Plaintiff apparently

4    was never examined by Doctor Borges.

5    On March 14, 2005, plaintiff requested medical care for shoulder and back paid

6    and headaches, which he attributed to injuries suffered during the attack.

7    Plaintiff has stated colorable claims for inadequate medical care against

8    defendants Joseph, Arong, Zink, Mitchell and Turella.  Plaintiff alleges that defendant Kernan is

9    liable for his inadequate medical care because she became the Warden near the end of 2004.

10   Plaintiff is basing the liability of defendant Kernan on the theory of respondeat superior.

11   Accordingly, the court will separately recommend dismissal of this claim against defendant

12   Kernan.

13   In accordance with the above, IT IS HEREBY ORDERED that:

14   1. Service is appropriate for the following defendants: Flint, Joseph, Coleman,

15   Mitchell, Turella, Zink and Arong.

16   2.  The Clerk of the Court shall send plaintiff 7 USM-285 forms, one summons,

17   an instruction sheet and a copy of the amended complaint filed May 17, 2005.

18   3.  Within thirty days from the date of this order, plaintiff shall complete the

19   attached Notice of Submission of Documents and submit the following documents to the court:

20   a.  The completed Notice of Submission of Documents;

21   b.  One completed summons;

22   c.  One completed USM-285 form for each defendant listed in number 3

23   above; and

24   d.  Eight copies of the endorsed amended complaint filed May 17, 2005.

25   /////

26   /////

4

1        4.  Plaintiff need not attempt service on defendants and need not request waiver of

2    service.  Upon receipt of the above-described documents, the court will direct the United States

3    Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

4    without payment of costs.

5    DATED: 8/10/05

6                                                    /s/ Gregory G. Hollows
                                                     _____
7    fuent675.ame                                    GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT FUENTES,

11          Plaintiff,                    No. CIV S-05-0675 FCD GGH P

12      vs.

13  MIKES KNOWLES, et al.,                NOTICE OF SUBMISSION

14          Defendants.                   OF DOCUMENTS

15  _____/

16          Plaintiff hereby submits the following documents in compliance with the court's

17  order filed _____:

18          __1__        completed summons form

19          __7__        completed USM-285 forms

20          __8__        copies of the _____
                                        Complaint/Amended Complaint
21  DATED:

22

23                                       _____
                                         Plaintiff
24

25

26