IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

    Plaintiff,                                 No. CIV S-05-0675 FCD GGH P

    vs.

MIKE KNOWLES, et al.,

    Defendants.                      <u>ORDER</u>

/

        On February 2, 2006, the court ordered the United States Marshal to serve the complaint on defendants. Process directed to defendant Zink was returned unserved because "unknown, no info." On April 7, 2006, the court granted plaintiff sixty days to provide additional information to serve this defendant. On June 8, 2006, the court granted plaintiff a thirty day extension of time.

        On July 10, 2006, plaintiff filed a request for judicial intervention requesting court assistance in locating defendant Zink. Plaintiff states that he contacted defendant Zink's last known place of employment, the Veterans Home in Yountville, California, requesting information regarding her location. The Department of Veterans Affairs informed plaintiff that the information he sought was exempt from disclosure under the Public Records Act per Cal. Govt. Code § 6254. Plaintiff's Exhibit B.

The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

Pursuant to the All Writs Act, defendants' counsel shall query the Department of Corrections to ascertain the whereabouts of Zink. If defendant Zink is still employed with the Department of Corrections or any other California state agency, counsel shall provide the business address to plaintiff. If counsel is otherwise informed of the business address of defendant Zink, counsel shall provide the address to plaintiff. In the event that counsel, after conducting a good faith inquiry, cannot ascertain the business address of defendant Zink, counsel shall so inform the court. Defendants' counsel shall file and serve the appropriate response within twenty days of the file date of this order.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of this order, defendants shall provide the further information discussed above regarding defendant Zink.

DATED:  8/17/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
fuen675.ord