IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

      Plaintiff,                     No. CIV S-05-0675 FCD GGH P

    vs.

MIKE KNOWLES, et al.,

      Defendants.           <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's October 20, 2006, motion to compel. Plaintiff alleges that defendant Flint provided inadequate responses to his request for production of documents. Plaintiff alleges that defendants Flint and Arong provided inadequate responses to interrogatories.

       Plaintiff did not provide copies of the at-issue discovery requests and defendants' responses with the motion to compel. However, in his "request for intervention" filed October 20, 2006, plaintiff alleges that he failed to provide these documents because prison officials failed to make copies. Defendants attached copies of these documents to their opposition filed November 22, 2006.

/////

As observed by defendants in their opposition, beyond making general statements of law regarding why defendants' responses were inadequate, plaintiff's motion to compel does not identify which particular objections or responses are unfounded. Without knowing which particular responses plaintiff is objecting to, the court cannot rule on his motion to compel. Plaintiff's inability to obtain copies of the at-issue discovery and responses should not have impeded his ability to identify the responses he is objecting to in the motion to compel.

The court also observes that defendants provided substantive responses to many of the interrogatories. For example, interrogatory no. 12 addressed to defendant Arong asked,

> What was the departmental or institutional protocol or practice for reporting incidents in which medical technical assistants (MTA) offered and/or provided medical care and or treatment to prisoners stabbed or assaulted by other prisoners while at any courthouse for legal proceedings on February 3, 2004?

Defendant Arong responded,

> Defendant objects to this interrogatory on grounds that it is overbroad, duplicative and not phrased as a proper interrogatory. Without waiving said objections, to the extent that plaintiff is asking what the reporting practices or protocols are for MTA's who provide medical care or treatment, a Form 7219 must be filled out documenting any injury or unusual occurrence.

Plaintiff's motion to compel does not specifically describe his objection to defendant Arong's response to interrogatory no. 12. On its face, the response appears adequate to the court. Because, for the most part, defendants' responses appear adequate, the court will not on its own analyze the adequacy of the responses.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 20, 2006, motion to compel is denied.

DATED: 2/2/07                                                  /s/ Gregory G. Hollows

                                                               GREGORY G. HOLLOWS
                                                               UNITED STATES MAGISTRATE JUDGE

fue675.com