IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

        Plaintiff,                      No. CIV S-05-0675 FCD GGH P

    vs.

MIKE KNOWLES, et al.,

        Defendants.            ORDER

_____/

        Pending before the court is plaintiff's August 7, 2006, motion for injunctive relief. On September 1, 2006, plaintiff filed a supplemental motion for injunctive relief. In these motions, plaintiff alleges that he has received inadequate access to the law library, photocopying and legal supplies.

        The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

1

Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992). New York v. United States Metals Roofing Co., 771 F.2d 796, 801 (3d Cir. 1985) (injunctive relief requests must go to the merits of an action).

In the instant case, plaintiff's request does not go the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

As stated above, plaintiff alleges that he has received inadequate access to the law library, photocopying services and legal supplies. The court makes the following observations regarding plaintiff's litigation of this action. Since June 2006, plaintiff has filed 46 pleadings.[1] While several of these pleadings concern plaintiff's inadequate law library access, etc., several do not. For example, on January 4, 2007, plaintiff filed a 94 page motion to compel, indicating that plaintiff has been able to serve defendants with several discovery requests. On December 20, 2006, plaintiff filed a response to defendants' request for extension of time. On November 8, 2006, plaintiff filed objections to defendants' request for extension of time. On October 20, 2006, plaintiff filed a 32 page motion to compel. On August 18, 2006, plaintiff filed a motion for appointment of counsel. On August 8, 2006, plaintiff filed a motion for appointment counsel. On June 16, 2006, plaintiff filed objections to defendants' request for extension of time.

The volume of plaintiff's pleadings, as well as the substance, undermine plaintiff's claim that he has not received adequate access to the law library, photocopying

---

[1] Based on the large volume of these pleadings, the court has considered issuing an order limiting the number of pleadings plaintiff may file.

1  services and legal supplies.  For this reason, plaintiff's motion is denied.  In the future, if plaintiff
2  is unable to file copies of documents due to his inability to obtain photocopying services, he shall
3  file a short declaration with the filed document explaining his efforts to obtain copies.
4      Accordingly, IT IS HEREBY ORDERED that plaintiff's August 7, 2006, motion
5  for a preliminary injunction and September 1, 2006, supplemental motion, construed as motions
6  for protective orders, are denied.

7  DATED: 2/2/07     /s/ Gregory G. Hollows

                          GREGORY G. HOLLOWS
                          UNITED STATES MAGISTRATE JUDGE

10  fue675.pi