IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

        Plaintiff,                            No. CIV S-05-0675 FCD GGH P

    vs.

MIKE KNOWLES, et al.,

        Defendants.                      <u>ORDER</u>

_____/

        Pending before the court is plaintiff's February 28, 2007, motion for leave to file a supplemental complaint. On that date plaintiff filed a supplemental complaint as well. Defendants have not opposed the motion. For the following reasons, this motion is granted.

        This action is proceeding on the amended complaint filed May 17, 2005. Plaintiff alleges that he was the victim of a stabbing attack by another prisoner based on defendants' failure to protect him from the other inmate. Plaintiff also alleges that following the attack, defendants used excessive force against plaintiff. Plaintiff also alleges that he was denied adequate medical care for his injuries suffered as a result of the attack. Plaintiff alleges that he suffered injuries in his head, back, neck and shoulders. Plaintiff alleges that he suffered severe headaches, dizziness and difficulty walking.

/////

1

1   The supplemental complaint seeks to add two new defendants who denied
2   plaintiff adequate medical care.  In particular, plaintiff alleges that his headaches were aggravated
3   by exposure to direct sunlight.  Plaintiff alleges the proposed new defendants, optometrist Larson
4   and medical technical assistant Barz, refused to give him dark glasses which would have made
5   the headaches less painful.  Plaintiff alleges that defendant Barz denied his request for dark
6   sunglasses on November 1, 2005.  Defendant Larson agreed with this decision at some later time.
7   Fed. R. Civ. P. 15(d) provides, "[u]pon motion of a party the court may, upon
8   reasonable notice and upon such terms as are just, permit the party to serve a supplemental
9   pleading setting forth transactions or occurrences or events which have happened since the date
10  of the pleading sought to be supplemented."
11  In Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988) the Ninth Circuit discussed the
12  standards for evaluating motions to file supplemental pleadings:

> Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.  Fed. R. Civ. P. 15, advisory committee's note.  The rule is a tool of judicial economy and convenience.  Its use is therefore favored.  As Judge Haynsworth observed more than two decades ago:
>
> Rule 15(d) of the Federal Rules of Civil Procedure provides for...supplemental pleading.  It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, thought the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.
> New Amsterdam Casualty Co. v.  Waller, 323 F.2d 20, 28-29 (4th Cir. 1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964).

21  858 F.2d at 473.
22  Leave to file a supplemental complaint should be freely given in the absence of
23  undue delay, bad faith or dilatory motive on the part of the movant, prejudice to the opposing
24  party or futility of amendment.  San Luis & Delta Mendota Water Authority v. U.S. Department
25  of Interior, 236 F.R.D. 491, 496 (E.D. Cal. 2006).
26  The court deems defendants' failure to oppose the motion to be a waiver of

2

opposition.  The court cannot, on its own review of the record, find undue delay, bad faith or dilatory motive on plaintiff's part.  Accordingly, plaintiff's motion is granted.

The May 8, 2007, motion cut-off date is vacated.  Following service of defendants Barz and Larson, the court will issue a new scheduling order allowing the parties to conduct discovery as to the new claims against these defendants only.  At that time, the court will re-set the motion cut off date.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's February 28, 2007, motion for leave to file a supplemental complaint is granted;

2.  The May 8, 2007, motion cut-off date is vacated;

3.  Service is appropriate for the following defendants: Barz and Larson.

4.  The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the supplemental complaint filed February 28, 2007.

5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a.  The completed Notice of Submission of Documents;

   b.  One completed summons;

   c.  One completed USM-285 form for each defendant listed in number 3 above; and

   d.  Three copies of the endorsed supplemental complaint filed February 27, 2007.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States

/////

/////

/////

1 | Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
2 | without payment of costs.
3 | DATED:  4/11/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

6 | fue657.gr

1
2
3
4
5
6
7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT FUENTES,

11          Plaintiff,                          No. CIV 05-0675 FCD GGH P

12      vs.

13  MIKE KNOWLES, et al.,                       <u>NOTICE OF SUBMISSION</u>

14          Defendants.                         <u>OF DOCUMENTS</u>

15  _____/

16          Plaintiff hereby submits the following documents in compliance with the court's

17  order filed _____:

18          _____           completed summons form

19          _____           completed USM-285 forms

20          _____           copies of the _____
                                         Complaint/Amended Complaint

21  DATED:

22
23                                          _____
                                                         Plaintiff
24
25
26