IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

        Plaintiff,                  No. CIV S-05-0675 FCD GGH P

   vs.

MIKE KNOWLES, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel filed December 22, 2006 (court file doc. # 108), January 19, 2007 (court file doc. # 118), and April 24, 2007 (court file doc. # 167).

<u>December 22, 2006, Motion to Compel</u>

        On April 30, 2007, defendants filed an opposition (court file doc. # 170) to the motion to compel filed December 22, 2006. This motion to compel concerns interrogatory responses by defendants Joseph and Coleman. In their opposition, defendants state that on April 25, 2007, the parties filed a stipulation in which defendants were permitted additional time to respond to these discovery responses and plaintiff was permitted additional time to file any necessary corresponding motions to compel. Good cause appearing, the December 22, 2006,

1

motion to compel is denied as unnecessary.

January 19, 2007, Motion to Compel

The January 19, 2007, motion to compel concerns responses by defendants Arong, Turella and Zink to plaintiff's first request for production of documents, defendant Arong's response to plaintiff's first request for admissions, and defendant Turella's response to plaintiff's second set of interrogatories. On April 27, 2007, defendants filed an opposition (court file doc. # 169).

Plaintiff claims that defendant Turella did not respond to the second set of interrogatories. In the opposition, defendants state that on April 25, 2007, the parties filed a stipulation in which plaintiff admits that he received these responses. Good cause appearing, this portion of the motion to compel is deemed resolved.

In the motion to compel, plaintiff argues that defendant Arong objected to many requests for admissions due to lack of knowledge or information, but fails to state that he made any effort to obtain responses. Plaintiff argues that the information sought in request nos. 37-57 was readily available to defendant.

In the opposition, defendants argue that while plaintiff generally refers to request nos. 37-57, he does not further specify any responses he is referring to, and nor does no describe how these responses are deficient other than to say that the information sought was readily available to defendant. Defendants argue that defendant Arong adequately answered request nos. 37-57.

The court agrees that the motion to compel should be denied as to all requests, but for 37-57, on grounds that plaintiff failed to specifically identify any responses he was referring to nor describe why the responses were inadequate. The court has also reviewed request nos. 37-57 and finds that these requests, for the most part, asked for interpretations of case law and regulations. In addition, many of these requests cited class action lawsuits such as Plata v. Davis and Madrid v. Gomez, and apparently sought defendants's opinion regarding his obligations

1  under the terms of the settlements of these actions.  As observed by defendants in their

2  opposition, defendant Arong is not a lawyer so that interpretation of law and regulations is

3  beyond the scope of his knowledge and employment.  For example, request no. 51 states,

4        Prisoners at CSP-SAC should be provided ready access to adequate medical care.  Madrid v. Gomez, 889 F.Supp. 1146, 1258 (N.D. Cal. (1995)(citing Hoptowit v.

5        Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).

6  Request no. 49 states,

7  At CSP-SAC, security staff (or lack thereof) should not dangerously delay prisoner access to emergency medical treatment.  (Madrid v. Gomez, 889 F.Supp.

8  1146, 1257 (N.D.Cal. 1995)(citing Casey v. Lewis, 834 F.Supp. 1477, 1502, 1545 (D. Arizona 1993).

9

10  Request no. 57 states,
   On February 3, 2007, you were fully aware of your responsibilities, duties, and

11  obligations as an MTA per Plata v. Davis, (N.D. Cal.) Col-1351, THE, Health Care Services Division Policies and Procedures; California Business and

12  Professions Code, section 2873.6, which set specific guidelines to follow in your ability and duties in providing medical assessment, care and treatment to Robert

13  Fuentes or any other prisoner, on February 3, 2004.

14

15        As worded, these requests seek interpretations of the law which is outside the

16  scope of defendant's knowledge.  Moreover, requests for admissions cannot be used to compel

17  an admission of a conclusion of law.  Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050,

18  1057 (S.D. Cal. 1999).  Accordingly, the motion to compel further responses by defendant Arong

19  to plaintiff's request for admissions is denied.

20        In the motion to compel, plaintiff argues that in response to his request for

21  production of documents, defendants provided boilerplate objections.  Plaintiff states that of the

22  documents provided, most had nothing to do with the 2004 year time frame requested.  Plaintiff

23  states that each document sought is relevant.

24        As noted by defendants in their opposition, plaintiff does not specify which

25  responses he is objecting to and nor does not specifically describe how defendants' responses are

26  inadequate.  It is not the court's duty to go through each request for production addressed to each

defendant in order to determine whether a response is inadequate. It is plaintiff's duty to inform the court and defendants of his specific objections to each of the at-issue requests. The court cannot make plaintiff's argument for him. On this ground, the motion to compel further responses to the request for production of documents is denied.

April 24, 2007, Motion to Compel

The April 24, 2007, motion to compel concerns defendant Flint's response to plaintiff's request for admissions, set one. On May 15, 2007, defendants filed an opposition (court file doc. # 176).

This at-issue request for admissions contained 44 requests. See exhibits attached to motion to compel. Plaintiff argues that defendant improperly objected that the requests were vague, ambiguous and overbroad. Plaintiff also argues while defendant objected that he lacked knowledge as to some requests, he failed to make any reasonable inquiry in an attempt to respond.

As observed by defendants in their opposition, plaintiff did not specify the individual responses to which he was objecting and nor did he discuss why any particular response was inadequate. The court also notes that with a few exceptions, the admission requests are conclusions of law. As stated above, requests for admissions cannot be used to compel an admission of a conclusion of law. Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

Plaintiff also argues that defendants failed to correct a typographical error in a response for the purpose of misleading him. In the opposition, defendants state that once plaintiff brought the error to the attention of defense counsel, counsel fixed the problem and drafted a letter to plaintiff correcting the error. The letter was not sent to plaintiff because of a phone call which remedies the error. This alleged error is not grounds on which to grant the motion to compel.

/////

For the reasons discussed above, the April 24, 2007, motion to compel is denied.

Other Matters

The September 21, 2006, scheduling order set the discovery cut-off date at January 12, 2007. Other than the discovery matters still outstanding as a result of requests by extensions of time ordered by the court, discovery is closed as to defendants Arong, Zink, Flint, Joseph, Coleman and Turella. On April 11, 2007, the court granted plaintiff's motion to file a supplemental complaint naming new defendants Barz and Larson. The court also vacated the motion cut-off date. The court did not extend the discovery cut-off deadline as to the already served defendants.

On June 11, 2007, plaintiff filed a request for an extension of time to file a motion to compel as to defendant Joseph's and Colemen's response to plaintiff's first set of interrogatories. See May 2, 2007, discovery stipulation. Good cause appearing, this request is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel filed December 22, 2006 (# 108) is denied;

2. The motion to compel filed January 19, 2007 (court file doc. # 118), is denied;

3. The motion to compel filed April 24, 2007 (court file doc. # 167), is denied;

4. Plaintiff's June 11, 2007, request for extension of time is granted; plaintiff is granted thirty days from the date of this order to file a motion to compel regarding the responses of defendants Joseph and Coleman to his first set of interrogatories.

DATED: 7/2/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

fue675.com(3)