IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

        Plaintiff,                          No. CIV S-05-0675 FCD GGH P

   vs.

MIKE KNOWLES, et al.,

        Defendants.          <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel filed June 26, 2007. When filing the motion to compel, plaintiff inadvertently failed to include his memorandum of points and authorities. However, defendants attached a copy of this document to their opposition filed July 18, 2007.

        At issue are responses by defendants Coleman and Joseph to plaintiff's first set of interrogatories. In particular, plaintiff objects to the following responses by defendant Joseph: 1, 4, 10, 13, 14, 16, 21, 22 and 23. Plaintiff objects to the following responses by defendant Coleman: 4, 5, 6, 8, 9, 10, 11, 12, 13, 16, 18, 19, 24 and 25.

/////

/////

1

Defendants objected to several of the at-issue interrogatories on grounds that the information sought was confidential.  Defendant Joseph did not respond to interrogatories nos. 1, 10, 13, 14, 16, 22 and 23, in part, because the information sought was confidential.  Defendant Coleman did not respond to interrogatories nos. 4, 6, 8, 9, 18, 19, 24 and 25, in part, because the information sought was confidential.

The Federal Rules of Civil Procedure require that when a party withholds information on grounds of privilege, that party must describe the information with sufficient particularity to allow the requesting party to assess the applicability of the privilege.  In re Subpoena Duces Tecum, 439 F.3d 740, 750 (D.C. Cir. 2006) (to meet burden of establishing the information warrants withholding, defendant must present evidence "sufficient...to establish the privilege...with reasonable certainty."); Fed. R. Civ. P. 26(b)(5)(A).  The requisite detail for a privilege log consists of a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof.  United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

Defendants did not provide a privilege log in support of their assertion of the "confidentiality" privilege.  Rather, defendants made general assertions that the information sought was confidential, without identifying the specific information.

The court has determined that privilege logs are required for the for the following at-issue interrogatories:  Joseph: 10, 13, 14, 16, 22, 23; and defendant Coleman: 4, 6, 8, 9.

For the following reasons, the court finds that defendants are not required to provide privilege logs as to the other interrogatories they raised the "confidentiality" privilege as to.

/////

/////

1  Interrogatory no. 1 addressed to defendant Joseph asked him to identify the
2  persons who assisted him in the preparation of the responses to the interrogatories.  Defendant
3  raised several objections to this interrogatory including that the information sought was
4  confidential.  Without waiving objection, defendant responded that defense counsel assisted in
5  preparation of the responses.  Because defendant Joseph adequately answered this interrogatory,
6  he is not required to a provide privilege log in support of this response.

7  Interrogatory no. 18 addressed to defendant Coleman asked if he was named as a
8  defendant in any cause of action arising out of CSP-SAC.  Interrogatory no. 19 asked defendant
9  Coleman to identify the case numbers, etc. of all cases in which he was named as a defendant
10 arising out of CSP-SAC.  Defendant objected, in part, that these interrogatories sought
11 information that was not relevant to this lawsuit.  This objection has merit as not every lawsuit
12 regarding CSP-SAC in which defendant Coleman was named as a defendant is relevant to this
13 action.

14 Interrogatory no. 24 asked defendant Coleman to identify the persons who helped
15 him to answer his interrogatories.  Defendant raised several objections to this interrogatory
16 including that the information sought was confidential.  Without waiving objection, defendant
17 responded that defense counsel assisted in preparation of the responses.  Because defendant
18 Coleman adequately answered this interrogatory, he is not required to provide a privilege log in
19 support of this response.

20 Interrogatory no. 25 asked defendant Coleman to identify each person who made
21 statements to him or provided affidavits to him regarding the allegations in plaintiff's complaint.
22 Defendant objected that the interrogatory was vague, ambiguous, overbroad and sought
23 confidential information.  The objections that this interrogatory is vague and overbroad have
24 merit.  For that reason, defendant is not required to provide a privilege log in support of this
25 response.
26 /////

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, defendants shall serve plaintiff with a privilege log regarding the interrogatories listed above; plaintiff may file a supplemental motion to compel within twenty days thereafter.

DATED: 9/6/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

fuen675.com(3)